UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America ) | CR. NO.: 3:08-855 (CMC) |
| ) | |
| v. ) | |
| ) | **OPINION and ORDER** |
| Steven Ray Miller, ) | |
| ) | |
| Defendant, ) | |
| ) | |

On July 22, 2013, the Clerk received a motion for extension of time to appeal from Defendant. ECF No. 341. On this same day, the Clerk received a Notice of Appeal. ECF No. 340. Both documents are dated July 18, 2013. There is no visible postmark on the envelope in which the documents arrived, nor is there any stamp by prison authorities indicating when these items were placed in the prison's mail system. Defendant maintains that he did not receive notice of the court's dismissal of his § 2255 motion until July 8, 2013, when "another inmate informed Miller that he had seen Miller's case on the computer." Mot. at 2 (ECF No. 341).

Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B)(i), Defendant had sixty (60) days after entry of judgment in which to file a notice of appeal. Judgment granting summary judgment to the Government was entered on March 29, 2013. Therefore, Defendant had until May 29, 2013, to file a notice of appeal. No notice of appeal was received by the Clerk of Court during this time period.

Federal Rule of Appellate Procedure 5 provides that a district court may extend the time for filing a notice of appeal if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires." Defendant's motion, as discussed above, is dated July 18, 2013, the earliest date it could have been mailed. Because this motion was filed after May 30, 2013, this court is without jurisdiction to extend the time for filing a notice of appeal under Rule 5 of the Rules of Appellate

1

Procedure. *Browder v. Dir., Dep't of Corrs.*, 434 U.S. 257, 267 (1978) (time periods presented in Rule 4(b) are mandatory and jurisdictional); *United States v. Raynor*, 939 F.2d 191, 197 (4th Cir. 1991) (same).

The court can, however, reopen the time for appeal under Rule 4(a)(6) of the Federal Rules of Appellate Procedure if all of the conditions of the Rule are met. This Rule provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Defendant maintains he did not receive a copy of this court's Opinion and Order and the Clerk's Judgment wherein summary judgment was granted to the Government. Additionally, this motion to reopen was received within 180 days after the judgment was entered. Finally, it does not appear that the Government would be prejudiced by the reopening of the time for filing an appeal.

Accordingly, Defendant's motion, construed as a motion to reopen the time for appeal, is granted. The Clerk shall deem the Notice of Appeal, filed on July 22, 2013, filed as of the entry date of this Order on the docket.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 24, 2013