IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CR No. 3:08-855-CMC |
| | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Stephen Ray Miller, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's *pro se* motion for reconsideration of the denial of his motion for reconsideration. ECF No. 354. On July 24, 2013, the court entered an order reopening the time for appeal and directed that the Notice of Appeal received by the court on July 22, 2013, be deemed filed as of July 24, 2013. ECF No. 345.

As a general rule, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). This jurisdictional transfer principle prevents a district court from taking any action that would impermissibly "alter the status of the case as it rests before the Court of Appeals." *Dayton Indep. School Dist. v. United States Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir.1990). Therefore, when an appeal is pending, the district court retains jurisdiction only to determine matters that are "uniquely separable" and collateral to the issues involved in the appeal. *See Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 98 (3d Cir.1988). "This judge-made rule . . . was designed to address the confusion and inefficiency that would result if both the district court and

the court of appeals were adjudicating the same issues simultaneously." *United States v. Swint*, 2007 WL 675340 (E.D.Pa. Feb. 27, 2007) (internal citations and quotations omitted).

As previously noted, Defendant seeks reconsideration of the very issues he has appealed. Therefore, the court finds it is without jurisdiction to address Defendant's motion for reconsideration. Accordingly, Defendant's motion for reconsideration of its earlier denial of reconsideration is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 18, 2013

2