IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | Cr. No. 3:08-855-CMC |
|---|---|
| v. | |
| Stephen Ray Miller, | Opinion and Order |
| Defendant. | |

Defendant seeks relief in this court pursuant to 28 U.S.C. § 2255 and *Johnson v. United States*, 576 U.S. __, 135 S.Ct. 2551 (2015).[1] ECF No. 383. Defendant's original *pro se* motion argues that his 18 U.S.C. § 924(c) conviction should be vacated because his underlying offense, Hobbs Act Robbery, fails to qualify as a "crime of violence." The Federal Public Defender filed a motion to join in this *pro se* motion on June 29, 2016. ECF No. 387. The Government filed a response in opposition and a motion to dismiss Defendant's § 2255 motion. ECF Nos. 389, 394. Defendant filed a response in opposition to the Government's motion to dismiss. ECF No. 397.[2]

I. **Background**

On November 20, 2008, Defendant was charged via superseding indictment with two counts: Hobbs Act Robbery, in violation of 18 U.S.C. § 1951 (robbing a pharmacy at gunpoint) (Count 3), and using and brandishing a firearm during and in relation to a crime of violence, in

---

[1] Defendant received permission from the Fourth Circuit to file a second or successive § 2255 motion on June 27, 2016 (ECF No. 382), and his § 2255 motion was filed in the district court that day.

[2] The court notes Defendant has been released from imprisonment and is now on supervised release. However, because the ruling on his motion could affect his supervised release if granted, the court proceeds to make a determination on his claims.

violation of 18 U.S.C. § 924(c) (Count 4). ECF No. 75. Defendant went to trial and was found guilty on both counts.

On June 8, 2009, Defendant appeared for sentencing. The court granted Defendant's request for a variance and sentenced him to 121 months, consisting of 37 months as to count 3 and 84 months as to count 4, to run consecutively. ECF No. 200. Defendant appealed his conviction and sentence, but the Fourth Circuit granted an unopposed motion to dismiss the appeal under Rule 42(b) of the Federal Rules of Appellate Procedure. ECF No. 261.

## II. **18 U.S.C. § 924(c)**

Title 18 U.S.C. § 924(c) provides that a defendant shall be subject to a consecutive sentence if he or she, "during and in relation to any crime of violence or drug trafficking crime. . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm. . . ." 18 U.S.C. 924(c).

The statute defines a "crime of violence" as:

an offense that is a felony and –
(A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The first clause is known as the "force" clause, while the second is the "residual" clause. *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015).

On June 24, 2019, the Supreme Court decided the residual clause of § 924(c)(3)(B) is void for vagueness. *United States v. Davis*, __ S.Ct. __, 2019 WL 2570623, at *13 (June 24, 2019). In

doing so, the Court rejected application of a case-specific approach for § 924(c) and applied the categorical approach. *Id.* at *6-*10.

## III. Discussion

In his motion, Defendant argues that his § 924(c) conviction cannot stand in the face of the *Johnson* reasoning because his underlying offense of Hobbs Act Robbery categorically fails to qualify as a crime of violence. ECF No. 383. Specifically, he argues that the *Johnson* reasoning invalidates the residual clause of § 924(c)(3)(B), and his conviction for Hobbs Act Robbery cannot qualify via the force clause in § 924(c)(3)(A). In its response, the Government argues that Hobbs Act Robbery satisfies the force clause of § 924(c), and that the residual clause of § 924(c) is not unconstitutionally vague after *Johnson*. ECF No. 389.

The Hobbs Act Robbery statute, 18 U.S.C. § 1951(a), (b)(1), prohibits "obstruct[ing], delay[ing,] or affect[ing] commerce or the movement of any article or commodity in commerce, by robbery . . . ." § 1951(a). It defines robbery as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property . . . ." § 1951(b)(1).

The overwhelming weight of authority holds that Hobbs Act Robbery is a violent felony under the force clause of § 924(c)(3)(A). While the Fourth Circuit has not yet addressed the issue[3],

---

[3] The Fourth Circuit has two cases pending, which were held in abeyance pending *Davis*, in which the issue of substantive Hobbs Act Robbery and § 924(c) may be addressed. *See United States v. Thorpe*, No. 17-4229; *United States v. Melvin*, No. 17-4236. The Fourth Circuit has also held armed bank robbery and federal carjacking to be crimes of violence for purposes of the § 924(c) Footnote Continued . . .

3

all other circuits to confront the issue have determined such a conviction is a crime of violence under § 924(c)(3)(A). *See United States v. Jones,* 919 F.3d 1064, 1072 (8th Cir. 2019); *United States v. Garcia-Ortiz,* 904 F.3d 102, 109 (1st Cir. 2018); *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060-66 (10th Cir. 2018); *United States v. St. Hubert*, 909 F.3d 335 (11th Cir. 2018); *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018); *United States v. Eshetu*, 863 F.3d 946, 955-56 (D.C. Cir. 2017); *United States v. Gooch*, 850 F.3d 285, 291-92 (6th Cir. 2017); *United States v. Buck*, 847 F.3d 267, 274-75 (5th Cir. 2017); *United States v. Anglin*, 846 F.3d 954, 964-65 (7th Cir. 2017); *United States v. Robinson*, 844 F.3d 137, 144 (3d Cir. 2016) (brandishing in § 924(c) is a crime of violence); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016); *United States v. Howard*, 650 Fed. Appx. 466, 467-68 (9th Cir. 2016).

This court agrees with the circuits holding Hobbs Act Robbery qualifies as an underlying crime of violence for purposes of § 924(c)(3)(A). Therefore, Defendant's substantive § 924(c) conviction properly rests upon his substantive Hobbs Act Robbery conviction.

---

force clause. *See United States v. Evans,* 848 F.3d 242, 247-48 (4th Cir. 2017) (holding "the term 'intimidation,' as used in the phrase 'by force and violence or by intimidation' in the carjacking statute, necessarily includes a threat of violent force within the meaning of the 'force clause' of Section 924(c)(3)."); *United States v. McNeal*, 818 F.3d 141, 157 (4th Cir. 2016) (A taking by "force and violence, or by intimidation," satisfies the force clause of § 924(c)(3)(A) because "to qualify as intimidation, the degree of 'force' threatened must be violent force – that is, force capable of causing pain or injury."). Although the Fourth Circuit initially held North Carolina robbery not violent, see *United States v. Gardner*, 823 F.3d 793 (4th Cir. 2016), that case has been abrogated by *Stokeling v. United States*, __ U.S. __, 139 S. Ct. 544 (2019), as recognized in *United States v. Dinkins*, __ F.3d __, 2019 WL 2722570 (4th Cir. July 1, 2019).

## IV. Conclusion

Defendant's challenge to his conviction under § 924(c) fails because Hobbs Act Robbery qualifies as an underlying offense for Defendant's § 924(c) conviction under the force clause. Therefore, the Government is entitled to summary judgment, and Defendant's § 2255 motions challenging his § 924(c) conviction (ECF Nos. 383, 387) are dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

IT IS SO ORDERED.

                                                              s/Cameron McGowan Currie
                                                              CAMERON MCGOWAN CURRIE
                                                              Senior United States District Judge

Columbia, South Carolina
July 23, 2019